```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

```
ANTHONY LAYNE,

    Petitioner,

vs.                                         No. 06-2802-B/V

BRUCE PEARSON,

    Respondent.
```

ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2241
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Petitioner Anthony Layne, Bureau of Prisons inmate registration number 11596-074, an inmate at the Federal Correctional Institution in Memphis, Tennessee, filed a pro se petition pursuant to 28 U.S.C. § 2241 on November 16, 2006. The Court issued an order on December 8, 2006 directing Petitioner, within thirty (30) days, to file an in forma pauperis affidavit or pay the habeas filing fee. Layne paid the habeas filing fee on December 12, 2006.

On November 12, 1997, a federal grand jury sitting in the Eastern District of Tennessee returned a superseding indictment charging Layne and six other defendants with conspiring to manufacture, distribute, and possess with the intent to distribute

methamphetamine, in violation of 21 U.S.C. § 846. The case with respect to Layne and one co-defendant proceeded to trial and, in May 1998, the jury found Layne guilty. On August 26, 1998, Layne was sentenced to two hundred sixty-two (262) months imprisonment. The United States Court of Appeals for the Sixth Circuit affirmed Layne's conviction. United States v. Martin and Layne, Nos. 98-6149, 98-6276, 2000 WL 353538 (6th Cir. Mar. 28, 2000), cert. denied, 531 U.S. 907 (2000).

On June 13, 2001, Layne filed a motion pursuant to 28 U.S.C. § 2255 in the United States District Court for the Eastern District of Tennessee in which he alleged that his trial and sentencing proceedings were unlawful in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), and that his attorney rendered ineffective assistance. District Judge R. Allan Edgar issued an order on August 4, 2004 denying the § 2255 motion and denying a certificate of appealability. Judgment was entered on August 4, 2004. Layne v. United States, No. 1:01-cv-189 (E.D. Tenn.). Layne filed a notice of appeal, and the Sixth Circuit denied a certificate of appealability. Layne v. United States, No. 04-6189 (6th Cir. June 3, 2005).

On February 22, 2005, Layne filed a petition in the Eastern District of Tennessee, entitled, "Petition For Extraordinary Relief To Include, But Not Limited Thereto: Issuance of a Writ of Habeas Corpus; or Issuance of a Writ of Audita

2

Querela; or Issuance of a Writ of Prohibition; or Issuance of a Writ of Mandamus; or for an Order to Vacate, Set Aside, or Correct Judgment; or for Order Enjoining Further Execution of a Judgment that, as a Matter of Law, has Become Void and Has No Further Force or Effect Whatsoever; or for Issuance of Such Writ, Writs, Orders or Decrees, Within the Jurisdiction of the Court to Issue, to Grant Such Further, or Ancillary Relief as the Court Deems Just and Proper," seeking relief from the sentence imposed on the basis of the Supreme Court's decisions in Apprendi, Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005). Judge Edgar issued an order on April 22, 2005 that denied relief on all theories presented and that transferred the second or successive § 2255 motion to the Sixth Circuit. Layne v. United States, No. 1:05-54 (E.D. Tenn.). Judgment was entered on April 22, 2005. On March 2, 2006, the Sixth Circuit denied the inmate's request for leave to file a second or successive § 2255 motion. In re Layne, No. 06-5609 (6th Cir.).

On December 15, 2005, Layne filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in this district in which he alleged that his conviction was void in light of Booker. On December 22, 2006, District Judge Jon Phipps McCalla issued an order denying the petition and certifying that an appeal would not be taken in good faith. Layne v. Pearson, No. 05-2933-Ml/V (W.D.

3

Tenn.). Judgment was entered on December 22, 2006. Layne did not take an appeal.

On January 24, 2006, Petitioner filed an application in the Sixth Circuit for leave to file a second or successive § 2255 motion in order to raise unspecified issues. The Sixth Circuit denied the application on September 13, 2006. In re Layne, No. 06-5108 (6th Cir.).

Layne's current federal sentence, which was imposed in 1998, was allegedly enhanced because of a 1990 guilty plea conviction, obtained in the United States District Court for the Eastern District of Tennessee, for making a false and fictitious written statement in acquiring firearms and for possession of firearms by a felon, in possession of 18 U.S.C. § 922(a)(6) and (g)(1). Layne's direct appeal of that conviction was dismissed for lack of jurisdiction. United States v. Layne, No. 90-5650, 1990 WL 139296 (6th Cir. Sept. 25, 1990). Petitioner has not disclosed whether he filed a motion pursuant to 28 U.S.C. § 2255, and that information is not available through PACER due to the age of the conviction.

On May 28, 2004, Layne filed a petition for a writ of error coram nobis or, in the alternative, audita querela, in the United States District Court for the Eastern District of Tennessee in which he challenged his 1990 firearms conviction on the ground that, under Tennessee law, he had not lost his civil rights as a

4

result of his state felony convictions, see 18 U.S.C. § 921(a)(20); United States v. Cassidy, 899 F.2d 543 (6th Cir. 1990), and his trial counsel rendered ineffective assistance, in violation of the Sixth Amendment, by failing to recognize that he could not be convicted of those offenses. On September 21, 2004, Judge Edgar dismissed the petition, sua sponte, explaining that, "assuming for the sake of discussion that this is a viable claim, Layne should have raised it several years ago in a 28 U.S.C. § 2255 motion." 09/21/04 Order at 1-2, Layne v. United States, No. 1:04-cv-161 (E.D. Tenn.). Judgment was entered on September 21, 2004. Layne filed a motion for reconsideration on September 30, 2004, which was denied on October 18, 2004. The United States Court of Appeals for the Sixth Circuit affirmed. Layne v. United States, No. 04-6303 (6th Cir. Dec. 1, 2005).

In this federal habeas petition, Layne asserts that the sentence he is presently serving is unlawfully enhanced by the 1990 convictions for violating 18 U.S.C. § 922(a)(6) and (g)(1). He contends those 1990 guilty plea convictions are invalid because, under Tennessee law, he had not lost his civil rights as a result of his state felony convictions and, thus, his firearm convictions are invalid. The substantive issues raised in this § 2241 petition are identical to those asserted in his 2004 petition for a writ of error coram nobis or, in the alternative, audita querela.

5

Habeas corpus would be available to the inmate if "the issues raised more accurately challenged the execution of the sentence than its imposition." Wright v. United States Bd. of Parole, 557 F.2d 74, 78 (6th Cir. 1977). "Section 2255 . . . has been conceived to be limited to those claims which arise from the imposition of the sentence as distinguished from claims attacking the execution of the sentence." Id. at 77; cf. United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991) ("Because defendant Jalili is challenging the manner in which the sentence is executed, rather than the validity of the sentence itself, Section 2255 does not apply."). For federal prisoners seeking habeas-type relief, the only remedy is through a motion to vacate pursuant to 28 U.S.C. § 2255. Charles v. Chandler, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam); In re Hanserd, 123 F.3d 922, 933 (6th Cir. 1997).

Federal prisoners may obtain habeas corpus relief pursuant to 28 U.S.C. § 2241 only under limited circumstances. The fifth paragraph of § 2255, known as the "savings clause," provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

6

28 U.S.C. § 2255. The petitioner carries the burden of demonstrating that the savings clause applies. Charles, 180 F.3d at 756.

The Sixth Circuit has construed the savings clause narrowly:

> Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied . . . , or because the petitioner is procedurally barred from pursuing relief under § 2255 . . . , or because the petitioner has been denied permission to file a second or successive motion to vacate.

Charles, 180 F.3d at 756; see also Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988) ("A remedy is not inadequate or ineffective under section 2255 merely because the sentencing court denied relief on the merits."). Furthermore, the § 2255 remedy is not inadequate or ineffective merely because, as here, the one-year statute of limitations has expired. Charles, 180 F.3d at 758.

Subsequent to the decision in Charles, the Sixth Circuit reemphasized the narrow scope of the savings clause:

> The circumstances under which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief. . . . As we explained in Charles, "[t]he remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255."

7

United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001) (quoting Charles, 180 F.3d at 758)).[1]

To obtain relief pursuant to 28 U.S.C. § 2241, the habeas petitioner must be "actually innocent" of the crime of which he has been convicted. Martin v. Perez, 319 F.3d 799, 804-05 (6th Cir. 2003); Charles, 180 F.3d at 757 ("No circuit court has to date permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restrictions on the filing of second or successive habeas petitions."); see also Peterman, 249 F.3d at 462 ("Without determining the exact scope of the savings clause, we conclude that defendants' claims do not fall within any arguable construction of it because defendants have not shown an intervening change in the law that establishes their actual innocence."). "A petitioner must show factual innocence, not mere legal insufficiency, to raise such a claim." Gesuale v. Sanders, 63 F. App'x 875, 876 (6th Cir. 2003); see also Bousley v. United States, 523 U.S. 614, 623 (1998).

---

[1] See also Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999) (the entire federal criminal procedure statutory scheme, encompassing trial, direct appeal, and one opportunity for collateral review, ensures that "a petitioner will have had 'an unobstructed procedural shot at getting his sentence vacated.' . . . That does not mean that he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed.") (quoting In re Davenport, 147 F.3d 605, 609 (7th Cir. 1998)).

Layne is not entitled to relief in this § 2241 petition for several reasons. First, this claim goes to the imposition of his sentence, rather than the execution of his sentence, making it inappropriate for a § 2241 petition. See supra p. 6.

Second, Petitioner has no valid argument that he is actually innocent of the drug offense for which he is currently serving time. This petition does not raise any challenge to that conviction but, instead, challenges only a prior conviction used to determine his criminal history score.

Third, Layne has no valid argument that the § 2255 remedy is inadequate or ineffective. In Daniels v. United States, 532 U.S. 374, 384 (2001), the Supreme Court held that a prisoner serving a federal sentence may not use 28 U.S.C. § 2255 to challenge a prior conviction used to enhance his current sentence. The Supreme Court explained:

> It is beyond dispute that convictions must be obtained in a manner that comports with the Federal Constitution. But it does not necessarily follow that a § 2255 motion is an appropriate vehicle for determining whether a conviction later used to enhance a federal sentence was unconstitutionally obtained.
>
> Our system affords a defendant convicted in state court numerous opportunities to challenge the constitutionality of his conviction. He may raise constitutional claims on direct appeal, in postconviction proceedings available under state law, and in a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 . . . . These vehicles for review, however, are not available indefinitely and without limitation. Procedural barriers, such as statutes of limitation and rules concerning procedural default and exhaustion of

> remedies, operate to limit access to review on the merits of a constitutional claim. . . .
>
> . . . .
>
> After an enhanced federal sentence has been imposed pursuant to the [Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)], the person sentenced may pursue any channels of direct or collateral review still available to challenge his prior conviction. . . . If any such challenge to the underlying conviction is successful, the defendant may then apply for reopening of his federal sentence. . . .
>
> <u>If, however, a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those avenues while they were unavailable (or because the defendant did so unsuccessfully), then that defendant is without recourse. The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255.</u>

<u>Id.</u> at 380-81, 382-83 (citations and footnote omitted; emphasis added). Although Layne does not cite <u>Daniels</u> in his petition, that decision is the primary reason why he cannot raise this issue in a § 2255 motion.[2] Layne argues that, because he is no longer authorized to seek § 2255 relief with respect to his 1990 federal convictions, the § 2255 remedy is inadequate or ineffective. (D.E. 1 at 4.) He does not attempt to explain why he did not file a timely § 2255 motion challenging his 1990 conviction, as all the legal grounds on which he relies in this petition were available to

---

[2] Although Daniels involved a challenge to state convictions used to enhance a sentence under the ACCA, its analysis appears to be applicable to a challenge to any conviction used to calculate a federal defendant's criminal history score. <u>See</u> <u>United States v. Mobley</u>, 96 F. App'x 127, 128-29 (4th Cir. 2004); <u>United States v. Romero-Ramirez</u>, 88 F. App'x 807 (5th Cir. 2004) (per curiam).

10

him during that time. Under these circumstances, it is not appropriate to permit Layne to use § 2241 as a vehicle for avoiding the one-year limitations period applicable to § 2255 motions. Dean v. McFadden, 133 F. App'x 640 (11th Cir. 2005) (per curiam); Braun v. Gallegos, 58 F. App'x 781, 783 (10th Cir. 2002).

Because Layne is not entitled to invoke § 2241, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243. An order for the respondent to show cause need not issue. The petition is DISMISSED.

Appeals of habeas petitions under 28 U.S.C. § 2254 and motions under 28 U.S.C. § 2255 are governed by 28 U.S.C. § 2253 and require the district court to consider whether to issue a certificate of appealability. Stanford v. Parker, 266 F.3d 342 (6th Cir. 2001); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063 (6th Cir. 1997). Section 2253 does not apply to petitions pursuant to 28 U.S.C. § 2241 filed by federal prisoners. McIntosh v. United States Parole Comm'n, 115 F.3d 809, 810 (10th Cir. 1997); Ojo v. Immigration & Naturalization Serv., 106 F.3d 680, 681-82 (5th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). Nevertheless, a habeas petitioner seeking to appeal is still obligated to pay the $455 filing fee required by 28 U.S.C. §§ 1913 and 1917. Under the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. § 1915, it is unclear how habeas petitioners establish a right to proceed in forma pauperis and avoid this filing fee.

Although the Sixth Circuit has concluded that the various filing fee payment requirements and good faith certifications of amended § 1915 do not apply to § 2254 cases, it has not resolved whether those requirements apply to § 2241 cases. Kincade v. Sparkman, 117 F.3d 949, 951-52 (6th Cir. 1997); cf. McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997) (instructing courts regarding proper PLRA procedures in prisoner civil-rights cases, without mentioning § 2241 petitions).

The Tenth Circuit, however, has held that the provisions of the PLRA do not apply to habeas cases of any sort or to § 2255 motions. See McIntosh, 115 F.3d at 810; United States v. Simmonds, 111 F.3d 737, 743 (10th Cir. 1997). An unpublished Sixth Circuit opinion has adopted this approach in affirming a decision from this district. Graham v. United States Parole Comm'n, No. 96-6725, 1997 WL 778515 (6th Cir. Dec. 8, 1997), aff'g Graham v. United States, No. 96-3251-Tu (W.D. Tenn. Dec. 4, 1996). Because the Court finds the reasoning of McIntosh persuasive, and that this conclusion naturally follows from the Sixth Circuit's decision in Kincade, the Court concludes that the PLRA does not apply to § 2241 petitions.

Thus, to appeal in forma pauperis in a habeas case, and thereby avoid the $455 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on

appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a)(4)-(5).

In this case, because the prisoner is clearly not entitled to relief, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter is not taken in good faith, and leave to appeal in forma pauperis is DENIED. Accordingly, if Petitioner files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED this 19th day of June, 2007.

                                        s/ J. DANIEL BREEN
                                        UNITED STATES DISTRICT JUDGE