IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ANTHONY LAYNE,

    Petitioner,

vs.      No. 06-2802-B/V

BRUCE PEARSON,

    Respondent.

ORDER DENYING MOTION FOR RECONSIDERATION

On November 16, 2006, Petitioner Anthony Layne, Bureau of Prisons inmate registration number 11596-074, an inmate at the Federal Correctional Institution in Memphis, Tennessee, filed a pro se petition pursuant to 28 U.S.C. § 2241. The Court issued an order on December 8, 2006 directing Petitioner, within thirty (30) days, to file an in forma pauperis affidavit or pay the habeas filing fee. Layne paid the habeas filing fee on December 12, 2006. The Court issued an order on June 19, 2007 denying the petition and certifying, pursuant to Fed. R. App. P. 24(a), that an appeal would not be taken in good faith. Judgment was entered on June 21, 2007.

On July 17, 2007, Layne filed a motion for reconsideration, which the Court construes as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b).[1]

Federal Rule of Civil Procedure 60(b) provides, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for numbers (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

"As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." Lewis v. Alexander, 987 F.2d 392, 396 (6th Cir. 1993). Moreover, "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by

[1] The motion does not contain a signature, as required by Fed. R. Civ. P. 11(a), and, therefore, the Clerk should not have filed it. In order to avoid further delay, the Court will address the merits of the motion without requiring Layne to submit a signed version of the document.

presenting new explanations, legal theories, or proof." <u>Jinks v. AlliedSignal, Inc.</u>, 250 F.3d 381, 384 (6th Cir. 2001).

The arguments presented by Petitioner do not fall within this framework. Instead, Layne provides additional argument in support of his assertion that his 1990 federal conviction was invalid and, presumably, his most recent federal sentence should not have been enhanced because of that conviction. The motion for reconsideration does not address the fact that habeas relief is not available to challenge the imposition of a prisoner's sentence.

Nothing in Layne's motion for reconsideration persuades the Court that he is entitled to relief from the dismissal order and judgment in this case. The motion is DENIED.

IT IS SO ORDERED this 2nd day of August, 2007.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE